## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIRANDA GILBERT,

      Petitioner,

v.                                        No. 1:22-cv-00282-KWR-KRS
                                                No. 1:17-cr-03055-KWR-KRS-1

UNITED STATES OF AMERICA,

      Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Miranda Gilbert's Motion to File a Successive 28 U.S.C. § 2255 Habeas Claim (Doc. 60) (Motion).[1]  Gilbert is a federal prisoner and proceeding *pro se.*  She challenges her sentence based on *Johnson v. United States,* 576 U.S. 591 (2015), which invalidated certain enhancements under the Armed Career Offender Act (ACCA), 18 U.S.C. § 924(e).  Having reviewed the Motion *sua sponte,* the Court concludes Gilbert's claims are not successive.  However, Gilbert must show cause why the Motion should not be dismissed as time-barred.

### BACKGROUND

Gilbert pled guilty in 2018 to possessing a firearm as a felon (18 U.S.C. § 922(g)(1)) and assaulting and impeding a federal officer (18 U.S.C. § 111), as charged in the Indictment.  *See* Docs. 3, 35.  Gilbert's prior felonies include four counts of residential burglary, trafficking controlled substances, possession of a controlled substance, and conspiracy to commit possession of a controlled substance.  *See* Doc. 3.  The Presentence Investigation Report (PSR) reflects the

---

[1]  Unless otherwise noted, all docket references are to the criminal case, 17-cr-3055 KWR-KRS.

residential burglary convictions were entered in four different state criminal cases.   *See* Doc. 54 at 6.   By a Judgment entered September 21, 2018, the Court (Hon. James Parker) sentenced Gilbert to 188 months imprisonment.   *See* Doc. 58.   The sentence was enhanced under the ACCA based on Gilbert's prior convictions for a violent felony (burglary) and/or serious drug offense.   *See* Doc. 40 at 9.   Gilbert did not file a direct appeal.

Gilbert filed the instant Motion over three years later, on April 14, 2022.   *See* Doc. 60. She ostensibly seeks permission to file a successive 28 U.S.C. § 2255 claim.   *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (The district court has jurisdiction over the defendant's first habeas proceeding; after that, the Circuit must grant permission to file any additional habeas claims).   However, the docket reflects Gilbert has not filed a prior § 2255 motion in this or any case.   The Court will therefore treat the Motion as her first § 2255 filing and screen the claims under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims.   "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...."   *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.   *See* 28 U.S.C. § 2255(f).   The one-year limitation period can be extended where:

2

(1)     The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)     The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Gilbert's judgment became final no later than October 6, 2018, after expiration of the federal appeal period.  *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after entry of the judgment).  The federal docket reflects no discernable tolling activity during the next year. The general § 2255 limitation period expired no later than October 6, 2019, over two years before Gilbert filed her Motion.

Construed liberally, the Motion may seek the benefit of a later one-year period under 28 U.S.C. § 2255(f)(3) (new Supreme Court law); *Johnson v. United States,* 576 U.S. 591 (2015); and *Welch v. United States,* 578 U.S. 120 (2016).  *Johnson* focuses on the ACCA's definition of "violent felony;" the ACCA enhancement applies when the defendant has three or more prior violent felony/serious drug convictions.   The definition of violent felony includes crimes that: (i) have an element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve

conduct that presents a serious potential risk of physical injury (the "Residual Clause").   *See* 18 U.S.C. §§ 924(e)(2)(B)(i)-(ii).   The Supreme Court found the ACCA's latter definition of violent felony – the Residual Clause – to be unconstitutionally vague.   *See Johnson*, 576 U.S. at 596-597. However, relief is not available if the defendant has three or more predicate offenses that qualify as a violent felony under the ACCA's Elements Clause.   *Id.*   *Welch* holds *Johnson* applies retroactively on collateral review, meaning that petitioners can obtain habeas relief under *Johnson* if they comply with the procedural requirements of § 2255.   *See Welch,* 578 U.S. at 135.

Gilbert has not complied with those procedural requirements.   As noted above, § 2255(f)(3) permits defendants to seek habeas relief within one year after issuance of a new, retroactive Supreme Court law.   *Johnson* and *Welch* were issued in 2015 and 2016, respectively. *See* 576 U.S. 591; 578 U.S. 120.   Even if those cases apply, Gilbert's Motion filed April 14, 2022 is still time-barred.

The Court discerns Gilbert may also intend to challenge her ACCA enhancement under *Borden v. United States*, 141 S. Ct. 1817 (2021).   *Borden* is a more recent extension of *Johnson.* *Borden* holds that a criminal offense requiring only a *mens rea* of recklessness does not qualify as a violent felony under ACCA's Elements Clause.   Gilbert's Motion is timely if she intends to rely on *Borden*.   However, relief is unavailable under that case.   Gilbert's ACCA enhancement is based on at least four separate convictions for burglary, which is specifically defined as a violent felony in 18 U.S.C. § 924(e).   *See* Doc. 3 (Indictment listing the burglary convictions as predicate offenses for the felon in possession charge); Doc. 35 (pleading guilty to the Indictment); Doc. 54 (PSR listing Gilbert's separate burglary convictions).   As the Tenth Circuit explained, "[t]he ACCA defines 'violent felony' to include, in relevant part, 'several specific crimes (for example,

burglary and arson),' as well as any offense that" falls within the Elements Clause. *United States v. Benally,* 19 F.4th 1250, 1257 (10th Cir. 2021) (quoting *Borden*, 141 S. Ct. at 1822). Gilbert's prior convictions for residential burglary are therefore valid predicate offenses for her ACCA enhancement, regardless of whether burglary qualifies under the other definitions of violent felony in § 924(e).

Alternatively, even if burglary was not specifically cited in the statute, *Borden* would not have no impact on Gilbert's ACCA enhancement. Gilbert's four residential burglary convictions were based on New Mexico law. Burglary cannot be committed with a *mens rea* of reckless in New Mexico. It requires specific intent to commit a theft or property damage. *See State v. Ledbetter,* 472 P.3d 1287, 1290 (N.M. App. 2020) (reversing conviction for residential burglary because the State "did not present sufficient evidence to establish … that Defendant entered the dwelling [without authorization and] *with the intent* to commit a theft or criminal damage to property") (emphasis in original).

For these reasons, Gilbert's ACCA enhancement cannot be invalidated under *Borden*, and any other § 2255 claims appear time-barred. Gilbert shall file a response within thirty (30) days of entry of this Order showing cause why her Motion should not be summarily dismissed. The failure to timely respond and overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Gilbert must file a

5

response showing cause, if any, why her § 2255 Motion should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**