UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIRANDA GILBERT,

    Petitioner,

v.                                                                          No. 1:22-cv-00282-KWR-KRS
                                                                         No. 1:17-cr-03055-KWR-KRS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Miranda Gilbert's Motion to File a Successive 28 U.S.C. § 2255 Habeas Claim (CV Doc. 1; CR Doc. 60, supplemented by CR Doc. 61) (Motion).[1] Gilbert is a federal prisoner and proceeding *pro se.* She challenges her sentence enhancements under, inter alia, the Armed Career Offender Act (ACCA), 18 U.S.C. § 924(e). The Court previously directed Gilbert to show cause why her § 2255 Motion should not be dismissed as untimely. She did not respond, and the Court will dismiss the Motion with prejudice.

## BACKGROUND

Gilbert pled guilty in 2018 to possessing a firearm as a felon (18 U.S.C. § 922(g)(1)) and assaulting and impeding a federal officer (18 U.S.C. § 111), as charged in the Indictment. *See* Docs. 3, 35. Gilbert's prior felonies include four counts of residential burglary, trafficking controlled substances, possession of a controlled substance, and conspiracy to commit possession of a controlled substance. *See* Doc. 3. The Presentence Investigation Report (PSR) reflects the

---

[1] Unless otherwise noted, all further docket references are to the criminal case, 17-cr-3055 KWR-KRS.

residential burglary convictions were entered in four different state criminal cases.  *See* Doc. 54 at 6.  By a Judgment entered September 21, 2018, the Court (Hon. James Parker) sentenced Gilbert to 188 months imprisonment.  *See* Doc. 58.  The sentence was enhanced under the ACCA based on Gilbert's prior convictions for a violent felony (burglary) and/or serious drug offense.  *See* Doc. 54 at 9.  Gilbert did not file a direct appeal.

Gilbert filed the instant Motion over three years later, on April 14, 2022.  *See* Doc. 60.  She ostensibly seeks permission to file a successive 28 U.S.C. § 2255 claim.  *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (The district court has jurisdiction over the defendant's first habeas proceeding; after that, the Circuit must grant permission to file any additional habeas claims).  However, the docket reflects Gilbert has not filed a prior § 2255 motion in this or any case.  By a Memorandum Opinion and Order entered April 19, 2023, the Court determined the Motion is not successive and should be construed as Gilbert's first § 2255 filing.[2]  *See* Doc. 64 (Screening Ruling).  The Court also screened the Motion under Habeas Corpus Rule 4 and determined it was plainly time-barred.  *Id.*  Gilbert was directed to file a response showing cause, if any, why the case should not be dismissed.

The original show-cause deadline was May 19, 2023.  The Screening Ruling was initially returned as undeliverable.  *See* CV Doc. 6.  The Clerk's Office mailed the Screening Ruling to Gilbert's new prison facility on May 4, 2023.  Over thirty days have passed since the second mailing, and Gilbert did not respond.  The Court will therefore summarize the time-bar and dismiss

---

[2] The Supreme Court established a procedure for construing filings under § 2255 when they challenge a federal conviction/sentence but do not bear the § 2255 label.  *See Castro v. United States*, 540 U.S. 375, 376 (2003).  *Castro* requires district courts to issue a warning that any future § 2255 filings will be considered second/successive and permit the petitioner to withdraw his or her unlabeled filing.  *Castro* is not relevant here because Gilbert's Motion specifically invokes § 2255 and demonstrates she is aware of the restrictions on successive filings.

the Motion with prejudice.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1)  The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)  The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)  The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his [or her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Gilbert's Judgment was entered on September 21, 2018. It became final no later than October 6, 2018, after expiration of the federal appeal period. *See United States v.*

*Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after entry of the judgment). The record reflects there was no discernable tolling activity during the next year, and limitation period expired no later than October 6, 2019. The Motion filed April 14, 2022 is therefore time-barred under § 2255(f).

In its prior Screening Ruling, the Court set out this timeline along with the legal standards for statutory and equitable tolling. The Court also rejected Gilbert's argument that a later one-year period applies under 28 U.S.C. § 2255(f)(3) (new Supreme Court law); *Johnson v. United States,* 576 U.S. 591 (2015); and *Welch v. United States,* 578 U.S. 120 (2016). Section 2255(f)(3) permits defendants to seek habeas relief within one year after issuance of a new, retroactive Supreme Court law. *Johnson* and *Welch* were issued in 2015 and 2016, respectively. *See* 576 U.S. 591; 578 U.S. 120. Even if those cases apply, Gilbert's Motion filed April 14, 2022 is still time-barred.

The Screening Ruling further explained that no relief is available under *Borden v. United States*, 141 S. Ct. 1817 (2021), which is a more recent extension of *Johnson*. *Borden* holds that a criminal offense requiring only a *mens rea* of recklessness does not qualify as a violent felony under ACCA's Elements Clause. Gilbert's Motion may be timely under *Borden*. However, Gilbert's ACCA enhancement is based on at least four separate convictions for burglary, which is specifically defined as a violent felony in 18 U.S.C. § 924(e). *See* Doc. 3 (Indictment listing the burglary convictions as predicate offenses for the felon in possession charge); Doc. 35 (pleading guilty to the Indictment); Doc. 54 (PSR listing Gilbert's separate burglary convictions). As the Tenth Circuit explained, "[t]he ACCA defines 'violent felony' to include, in relevant part, 'several

4

specific crimes (for example, burglary and arson),' as well as any offense that" falls within the Elements Clause.  *United States v. Benally,* 19 F.4th 1250, 1257 (10th Cir. 2021) (quoting *Borden*, 141 S. Ct. at 1822).  Gilbert's prior convictions for residential burglary are therefore valid predicate offenses for her ACCA enhancement, regardless of whether burglary qualifies under the other definitions of violent felony in § 924(e).

Alternatively, even if burglary was not specifically cited in § 924(e), *Borden* would not have no impact on Gilbert's ACCA enhancement.  Gilbert's four residential burglary convictions were based on New Mexico law.  Burglary cannot be committed with a *mens rea* of reckless in New Mexico.  It requires specific intent to commit a theft or property damage.  *See State v. Ledbetter,* 472 P.3d 1287, 1290 (N.M. App. 2020) (reversing conviction for residential burglary because the State "did not present sufficient evidence to establish … that Defendant entered the dwelling [without authorization and] *with the intent* to commit a theft or criminal damage to property") (emphasis in original).  Gilbert's ACCA enhancement cannot be invalidated under *Borden*, and any other § 2255 claim is time-barred.

Rather than dismissing the Motion outright, and in accordance with local custom, the Court allowed Gilbert to file a response providing more information about tolling and/or the time-bar. Because she failed to respond, and because the time-bar is clear from the record, the Court will dismiss the Motion with prejudice.   The Court will deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Miranda Gilbert's Motion to File a Successive 28 U.S.C. § 2255

Habeas Claim (**CV Doc. 1; CR Doc. 60,** supplemented by **CR Doc. 61**), which is construed as a first habeas filing, is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

    **IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**